

# The Attorney General of Texas

December 27, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert O. Viterna
Executive Director
Texas Commission on Jail Standards
P. O. Box 12985
Austin, Texas   78711

Opinion No.   JM-272

Re:   Authority of the Texas
Commission on Jail Standards
to perform an occupancy in-
spection of jail facilities
in a project built pursuant
to article 2370c-3, V.T.C.S.

Dear Mr. Viterna:

You have asked the following three questions about your authority
under article 5115.1, V.T.C.S., with regard to the jail facilities in
a project authorized by article 2370c-3, V.T.C.S.:

> 1.  May the Texas Commission on Jail Standards
> perform an occupancy inspection of the facility?
> Rule 217.04.00.007 of the Texas Commission on Jail
> Standards.

> 2.  If the jail complies with standards, may
> the Texas Commission on Jail Standards authorize
> Bowie County to occupy the jail and house Texas
> inmates therein?  Rule 217.04.00.009 of the Texas
> Commission on Jail Standards.

> 3.  Finally, if the jail is occupied, does the
> Texas Commission on Jail Standards have authority
> to inspect the jail yearly for compliance with
> Texas minimum jail standards?  Rule 217.25.00.011
> of the Texas Commission on Jail Standards.

These rules are promulgated under sections 9 and 11 of article 5115.1,
V.T.C.S., which authorize the inspection of county jails to enforce
minimum jail standards.

The project in question involves a jail in a "justice center"
built, with the cooperation of the federal Law Enforcement Assistance
administrators, as well as of Arkansas and Texas county and municipal
authorities, on the state line in Texarkana, Texas and Arkansas, and
Bowie County, Texas, and Miller County, Arkansas.  The gravamen of

your request is whether the Texas Commission on Jail Standards may carry out its duties and responsibilities under sections 9 and 11 of article 5115.1 in a jail facility not wholly located in Texas. We answer all three questions in the affirmative.

Section 2(3) of article 5115.1 defines a county jail as "any jail, lockup, or other facility that is operated by or for a county. . . ." (Emphasis added). Section 2(a)(2) of article 2370c-3 authorizes the creation of the "jail, lockup, and other detention facilities" that have been created in the subject "justice center" for Bowie County, Texas. Attorney General Opinions MW-328 (1981) and MW-559 (1982) clearly affirmed the Jail Standards Commission's statutory authority "to regulate the conditions of confinement for inmates in a county's custody wherever they are confined." Attorney General Opinion MW-559. (Emphasis added).

While article 2370c-3, section 2, authorizes the respective counties and municipalities in Texas and the adjoining state to contract for the "construction, . . . operation, and management" of the jail in the state line justice center, section 9 also limits such county and municipality in Texas to contracting for such purposes "only if the other state enacts legislation relating to the establishment of a justice center pursuant to a contract. . . ." The act further provides that

> Sec. 4. The contracting parties may specify in the contract the manner of determining the persons responsible for:
>
> (1) the operation, alteration, maintenance, cleaning, and repair of the facilities;
>
> (2) the employment of center personnel;
>
> (3) the purchase of materials, supplies, tools, and other equipment to be jointly used by offices provided or used by the contracting parties;
>
> (4) preparing reports to the governing bodies of the contracting parties;
>
> (5) joint record-keeping, communications, or dispatch systems; and
>
> (6) the performance of any other powers or duties relating to operation of the center.

If the state of Arkansas has enacted legislation consistent with section 9 of article 2370c-3 and the respective counties and cities have contracted in accord with sections 2 and 4 thereof, we conclude that the holdings of MW-323 and MW-559 apply to the regulations about which you inquire.

## S U M M A R Y

If the state of Arkansas has enacted appropriate legislation and the counties and cities affected have contracted as mandated, the Texas Commission on Jail Standards may perform an initial occupancy inspection of, may allow Bowie County to use, and may thereafter annually inspect the jail facilities housed in the "justice center" built pursuant to article 2370c-3.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Bruce Youngblood